IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE7 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE7** | § § § § § § § § | |
| Plaintiff, | § § | Civil Action No. 1:23-cv-00127 |
| | § § | |
| **SEAN ANDRE SIMON, TONYA JORESSA SIMON** | § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-HE7 Mortgage Pass-Through Certificates, Series 2007-HE7 ("Plaintiff" or "Deutsche Bank") files this, *Plaintiff's Original Complaint* against Sean Andre Simon, and Tonya Joressa Simon ("Defendants") and respectfully shows unto the Court as follows:

### I. PARTIES

1. Plaintiff appears through the undersigned counsel.

2. Gail Marie Simon ("Decedent") was a borrower under the subject Loan Agreement. Decedent passed away on or about January 7, 2022. Upon information and belief, no probate is open for Decedent's estate in the county where the subject Property is located or in the county where the Decedent died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3.  Pursuant to Texas Estates Code sections 101.001 and 101.051, Decedent's heirs at law ("Heirs") acquired all of Decedent's estates immediately upon her death. Each Heir is made a party in this proceeding pursuant to Texas Civil Practice and Remedies Code §17.002.

4.  Defendant Sean Andre Simon is an alleged heir and biological son of Decedent. Sean Andre Simon may be served with process at 2230 W. Highland Drive, Beaumont, Texas 77005, or at any other place where he may be found. Summons is requested.

5.  Defendant Tonya Joressa Simon is an alleged heir and biological daughter of Decedent. Tonya Joressa Simon may be served with process 4031 Heatherbrook Court, Port Arthur, Texas 77642, or at any other place where she may be found. Summons is requested.

## II. PROPERTY

6.  This proceeding concerns the real property and improvements commonly known as 2230 W. Highland Drive, Beaumont, Texas 77705, and more particularly described as:

> LOT NUMBER TWENTY-SEVEN AND THE WEST FORTY-NINE FEET OF LOT NUMBER TWENTY SIX (27 & W 49 FEET OF 26), IN BLOCK NUMBER FIVE (5), OF VIRGINIA ESTATES, AN ADDITION TO THE CITY OF BEAUMONT, JEFFERSON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT ON FILE AND OF RECORD IN THE OFFICE OF THE COUNTY CLERK IN VOLUME 10, PAGE 196 OF THE MAP RECORDS OF JEFFERSON COUNTY, TEXAS.

(The "Property").

## III. JURISDICTION AND VENUE

7.  This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

8.  Plaintiff Deutsche Bank is the trustee of a mortgage-securitization trust. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Mfrs. and*

*Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. Deutsche Bank N.A.*, *Rivas v. United States Bank Nat'l Ass'n*, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. 2015). Plaintiff is a national banking association which is chartered and has its main office in Minnesota. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). According to its articles of association, Deutsche Bank has its main office in California. *See Lewis v. Deutsche Bank Nat'l Tr. Co.*, No. 3:16-CV-133, 2017 U.S. Dist. LEXIS 57025 (S.D. Tex. 2017). Therefore, Plaintiff is a citizen of California for diversity purposes.

9. Defendants are individuals and residents of the state of Texas.

10. In this suit Plaintiff seeks a declaratory judgment to establish a statutory probate lien and to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting

*Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

12. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Harris County Appraisal District values the Property at $180,775.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

13. Venue is proper in the Eastern District of Texas, Beaumont Division, because this suit concerns title to real property located in Jefferson County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

### IV. SUMMARY OF FACTS

14. The foregoing paragraphs are incorporated by reference for all purposes.

15. On February 20, 2007, Decedent Gail Marie Simon ("Decedent" or "Borrower") executed a *Texas Home Equity Note (Fixed Rate – First Lien)* ("Note") in the principal amount of $100,000.00 at an annual interest rate of 11.5000% and originally payable to First NLC Financial Services, LLC ("First NLC"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

16. Concurrently with the execution of the Note, Borrower executed a *Texas Home Equity Security Instrument (First Lien)* ("Security Instrument and together with the Note, "Loan Agreement"), as grantor, granting First NLC, a security interest in the Property. The Security Instrument was recorded on March 6, 2007, in the Official Public Records of Jefferson County,

Texas, under Instrument No. 2007008923. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

17. Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for First NLC, transferred and assigned the Loan Agreement to Deutsche Bank. A *Transfer of Lien* was recorded on July 27, 2011, in the Official Public Records of Jefferson County, Texas under Instrument No. 2011024503. A true and correct copy of the assignment is attached hereto as **Exhibit C**.

18. Plaintiff is the current holder and owner of the Note and beneficiary of the Security Instrument. Plaintiff is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

19. Decedent Gail Marie Simon passed away on or about January 7, 2022. No probate has been opened for Decedent in the county in which the property is located nor the county in which she died. Therefore, there is no personal representative of Decedent's estate to be made a party to this action. In accordance with Texas Estates Code sections 101.001(b) and 101.051, Decedent's Heirs acquired all of Decedent's interest in the Property immediately upon Decedent's death, subject to the Loan Agreement debt owed to Plaintiff.

20. Under the terms of the Loan Agreement, Borrower was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable fees and charges due under the Note.

21. The Loan Agreement further provides that should Borrower fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan

Agreement.

22. The Loan Agreement is in default as of May 1, 2022, and all subsequent payments. A *Notice of Default* ("Notice of Default") was served in accordance with the Loan Agreement and the Texas Property Code on June 23, 2022. A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**.

23. The default was not cured, and the maturity date was accelerated on September 9, 2022, when a Notice of Acceleration of Loan Maturity was served in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F.**

24. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest again the Property.

25. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSES OF ACTION

### A. DECLARATORY JUDGMENT

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a *mortgagee* as that term is defined under Texas Property Code §51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

### B. STATUTORY PROBATE LIEN

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

27. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## C. NON-JUDICIAL FORECLOSURE

28. The foregoing paragraphs are incorporated by reference for all purposes.

29. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedent's debts.

### D. PUBLIC AUCTION

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

34. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial

foreclosure together with an order of sale issued to the sheriff or constable of Harris County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure—Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

### G. WRIT OF POSSESSION

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS FEES

39. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code § 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

# PRAYER

For these reasons, Plaintiff requests that Defendants be cited to appear and answer and that, upon final hearing, the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant is divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Admission #21340
mcronenwett@mwzmlaw.com

**SARAH SIBLEY COX**
State Bar No. 24043439
scox@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650; Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**