IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE7 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE7** | § § § § § § § § | |
| Plaintiff, | § | Civil Action No. 1:23-cv-00127 |
| | § § | |
| **SEAN ANDRE SIMON, TONYA JORESSA SIMON** | § § § § | |
| Defendants. | § | |

**MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANTS AND BRIEF IN SUPPORT THEREOF**

COMES NOW, Plaintiff Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-HE& Mortgage Pass-Through Certificates, Series 2007-HE7 ("Plaintiff or "Deutsche Bank") files this, its *Motion for Default Judgment against Defendants and Brief in Support thereof*, and respectfully shows as follows:

**I. BACKGROUND**

1. Plaintiff is Deutsche Bank. Defendants are Sean Andre Simon and Tonya Joressa Simon ("Defendants").

2. Plaintiff filed its Original Complaint ("Complaint") against Defendants on March 29, 2023. [ECF Docket No. 1].

3. Defendant Sean Andre Simon was served with a copy of Plaintiff's Original Complaint and the summons via personal service on April 11, 2023, at 2230 West Highland Drive,

Beaumont, Texas 77705. [ECF Docket No. 4]. His answer or other response to the Original Complaint was due on May 2, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

4. Defendant Tonya Joressa Simon was served with a copy of Plaintiff's Original Complaint and the summons via personal service on April 12, 2023, at 4031 Heatherbrook Court, Port Arthur, Texas 77642. [ECF Docket No. 5]. Her answer or other response to the Original Complaint was due on May 3, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

5. Defendants have not answered or otherwise appeared in this action.

6. The court clerk may enter default against a party who has not filed a responsive pleading or otherwise defended a suit. FED. R. CIV. P. 55(A); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

7. The court clerk entered default against Defendants. [ECF Docket No. 7].

8. Defendants are not on active-duty military status. *See* Exhibit A-1.

9. Plaintiff now asks the Court to render default judgment against Defendants.

## II.  LEGAL STANDARD

10. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See* N.Y. *Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir.), cert. denied, 414 U.S. 1073 (1973).

### III.   ARGUMENT AND AUTHORITIES

11.   The Court should render a default judgment against Defendants because they did not file a responsive pleading or otherwise defend the claims against them. Such default constitutes an admission by Defendants on all allegations in the Original Complaint. The facts asserted in the Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendants have admitted the well-pleaded factual allegations therein and is "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

12.   With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

13.   Plaintiff does not seek monetary damages against Defendants, but instead seeks declaratory judgment that Plaintiff, as the owner and holder of the Note, and beneficiary of the Security Instrument, has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 2330 W. Highland Drive, Beaumont, Texas 77705 (the "Property"), and more particularly described as:

> LOT NUMBER TWENTY-SEVEN AND THE WEST FORTY-NINE FEET OF
> LOT NUMBER TWENTY SIX (27 & W 49 FEET OF 26), IN BLOCK NUMBER

> FIVE (5), OF VIRGINIA ESTATES, AN ADDITION TO THE CITY OF BEAUMONT, JEFFERSON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT ON FILE AND OF RECORD IN THE OFFICE OF THE COUNTY CLERK IN VOLUME 10, PAGE 196 OF THE MAP RECORDS OF JEFFERSON COUNTY, TEXAS.

Therefore, no hearing is necessary to establish of Plaintiff's damages.

14. In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

15. The Complaint alleges that on or about February 20, 2007, Decedent Gail Marie Simon ("Borrower") executed that certain *Texas Home Equity Note (Fixed Rate – First Lien)* ("Note") in the principal amount of $100,000.00 at an annual interest rate of 11.5000% and originally payable to First NLC Financial Services, LLC ("First NLC") as lender on a loan secured by the Property. [*See* ECF Docket No. 1 at ¶ 15]. Concurrently with the execution of the Note, Borrower executed a *Texas Home Equity Security Instrument (First Lien)* (the "Deed of Trust" and together with the Note, "Loan Agreement"), as grantor, granting First NLC, its successors and assigns, a security interest in the Property. The Deed of Trust was recorded on March 6, 2007, in the Official Public Records of Jefferson County, Texas, as Document No. 2007008923 [*See* ECF Docket No. 1 at ¶ 16]. Plaintiff further alleges that it is the current holder of the Note, the mortgagee of the Deed of Trust, and it has standing to enforce the terms of the Deed of Trust. [*See* ECF Docket No. 1 at ¶ 18].

16. Borrower passed away. Upon information and belief, no probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Defendants, who are the heirs of the Borrowers, acquired all of their interest in the Property immediately upon their death, subject to the Loan Agreement debt owed to Plaintiff. [*See* ECF Docket No. 1 at ¶ 19].

17. Borrower failed to abide by the terms of the Loan Agreement and make required payments under the same. [*See* ECF Docket No. 1 at ¶¶ 20-22]. A notice of default and intent to accelerate was provided in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured. [*See* ECF Docket No. 1 at ¶ 22]. As a result, the maturity of the debt was accelerated on May 6, 2022 [*See* ECF Docket No. 1 at ¶ 23]. Therefore, the Original Complaint conclusively establishes each of the necessary elements of Plaintiff's foreclosure claim.

18. Plaintiff requested reasonable and necessary attorney's fees against Defendants based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by Borrower. Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed by Borrower under the subject Note and Deed of Trust.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendants, Sean Andre Simon and Tonya Joressa Simon,

on all claims asserted against them in Plaintiff's Original Complaint, and award Plaintiff the following relief:

a. Judgment against Defendants for court costs;

b. Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

c. Judgment declaring that Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001;

d. Judgment against Defendants declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

e. Judgment against Defendants declaring that Plaintiff may foreclose on Defendants' interest on the Property pursuant to the Deed of Trust and the Texas Property Code; and

f. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ Sarah Sibley Cox*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**SARAH SIBLEY COX**
State Bar No. 24043439
scox@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650; Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 14, 2023, a copy of the above and foregoing document was served on the following Defendants in the manner described below:

**Via CMRRR# 9314769904300112116177**
**and First Class U.S. Mail:**
Sean Andre Simon
2230 W. Highland Drive
Beaumont, Texas 77705

**Via CMRRR# 9314769904300112116221**
**And First Class U.S. Mail**
Tonya Joressa Simon
4031 Heatherbrook Court
Port Arthur, Texas 77642

*/s/ Sarah Sibley Cox*
**SARAH SIBLEY COX**