IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE7 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE7<br><br>*Plaintiff*,<br><br>v.<br><br>SEAN ANDRE SIMON, TONYA JORESSA SIMON,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 1:23-CV-127<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION ON
MOTION FOR DEFAULT JUDGMENT (Doc. #9)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred Plaintiff's Motion for Default Judgment (docs. #9, #10) to the undersigned magistrate judge for consideration and disposition. After review, the undersigned recommends granting the motion.

**I.   Background**

On March 29, 2023, the plaintiff, Deutsche Bank National Trust Company, As Trustee Of The Registered Holders Of Morgan Stanley ABS Capital I Inc. Trust 2007-HE7 Mortgage Pass-Through Certificates, Series 2007-HE7 ("Plaintiff") filed its complaint seeking enforcement of its statutory probate lien through foreclosure of a property located at 2230 W. Highland Drive, Beaumont, Texas ("the Property"). The complaint (doc. #1) avers that on or about February 20, 2007, decedent Gail Marie Simon executed a Note in the principal amount of $100,000.00 ("Note") in favor of First NLC Financial Services LLC. (Doc. #1, ¶15.) The Note was secured by Property. (*Id.*) Decedent also executed

a Security Instrument, granting First NLC Financial and its successors and assigns a security interest in the Property. (Doc. #1, ¶16.) The Security Instrument was recorded in the public records of Jefferson County, Texas under Instrument No. 2007008923. (*Id.*) Plaintiff is now the current owner of the note and beneficiary of the security instrument. (Doc. #1, ¶18.)

On or about January 7, 2022, Decedent Gail Marie Simon passed away and no probate was ever opened for the decedent. (Doc. #1, ¶19.) Plaintiff avers that according to Texas law, the defendant-heirs named in the complaint inherited all the decedent's interest in the Property. (*Id.*) They have allegedly refused to pay the Note, and payment is due from May 1, 2022, and all subsequent payments. Plaintiff served a Notice of Default to Decedent at the Property address as specified in the Note and in accordance with Texas law on June 23, 2022. (Doc. #1, ¶22.) The default was not cured, and on September 9, 2022, the maturity of the debt was accelerated. (Doc. #1, ¶23.) Plaintiff therefore asserts a cause of action seeking a declaratory judgment for enforcement of its statutory probate lien on the property through non-judicial foreclosure, and alternatively, judicial foreclosure along with claims for public auction, trespass to try title, writ of possession, and attorney's fees. (Doc. #1, ¶¶31-39.)

After filing its complaint, Plaintiff issued summons and had process personally served on the named defendants, Sean Andre Simon, and Tonya Joressa Simon. (Docs. #4 and #5.) To date, neither of the named defendants have appeared in the case by filing an answer or any other pleading. Accordingly, on June 9, 2023, Plaintiff requested entry of default by the Clerk of Court. (Doc. #6.) The Clerk entered default against Defendants Sean Andre Simon and Tonya Joressa Simon on June 12, 2023. (Doc. #7.)

After entry of default, Plaintiff filed the instant Motion for Default Judgment. (Doc. #9.) The motion requests entry of judgment in Plaintiff's against the two defendants for (1) court costs; (2) reasonable attorney's fees as a further obligation owed under the Note and Security

Instrument; (3) judgment declaring that Plaintiff is the owner and holder of Note, beneficiary of Security Instrument and mortgagee as defined under Texas Property Code section 51.001; (4) judgment declaring that the following are secured by the Security Instrument on the Property (a) outstanding balance of the Note, (b) prejudgment interest, (c) post judgment interest from the date of judgment until paid and costs of court, and (5) judgment against Defendants declaring that Plaintiff may foreclose on Defendants' interest on the Property pursuant to the deed of trust and Texas Property Code.  (Doc. #9 at 6.)

Plaintiff mailed the motion for default judgment to Defendants by certified and first-class mail.  Defendants have neither responded to the motion for default judgment nor appeared in any other manner.

## II.     Relevant Legal Standards

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Default under Rule 55 consists of two procedural steps; one for the clerk and one for the court. The first step is the entry of default, followed by the entry of default judgment.  *See, e.g.*, *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corrs.*, No. 10-30618, 401 F. App'x 927, 929 (5th Cir. 2010).  Federal Rule of Civil Procedure 55(a) directs the first step requiring the clerk of court to enter default:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

FED. R. CIV. P. 55(a).  However, an entry of default against the defendant does not automatically entitle the plaintiff to a default judgment.  *See, e.g., Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, *515* F.2d 1200, 1206 (5th Cir. 1975); *Waltner v. Aurora Loan Servs.*, *L.L.C.*, No. 12-50929, 51 F. App'x 741, 749 (5th Cir. 2013).  After the clerk enters default, the clerk may enter a default

3

judgment only if the claim is "for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). When the amount of the claim is not certain and cannot be made certain,

> [T]he party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.

FED. R. CIV. P. 55(b)(2). The court may conduct a hearing if necessary to:

(a) conduct an accounting;
(b) determine the amount of damages;
(c) establish the truth of any allegation by evidence; or
(d) investigate any other matter.

FED. R. CIV. P. 55(b)(2).

The Fifth Circuit generally disfavors default judgments. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala*, 874 F.2d at 276). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009). Rather, the court must determine: "(1) whether the entry of default is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what form of relief, if any, a plaintiff should receive." *Primerica Life Ins. Co. v. Basilio as Next Friend of UMB*, No. 4:22-CV-00541, 2023 WL 3292879, at *2 (E.D. Tex. May 5, 2023) (citing *Graham v. Coconut LLC*, No. 4:16-CV-00606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017)); *see also United States v. Giles*, 538 F. Supp. 2d 990,

4

993 (W.D. Tex. 2008). After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true. *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987).

Regarding damages, however, it is the court's duty "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Oil States Int'l, Ltd. v. Richard*, No. 22-2437, 2022 WL 17968055, at *4 (E.D. La. Dec. 27, 2022) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). A plaintiff is not entitled to have its allegations regarding damages accepted as true. *Shipco Gen., Inc.*, 814 F.2d at 1014 ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.").

Generally, damages are not awarded without a hearing or demonstration by detailed affidavits. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If the damages or relief requested can be determined with mathematical calculation by referring to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III. Application

#### A. Procedural Standard

The court considers the six *Lindsey* factors to satisfy the procedural standard to warrant entry of a default judgment: (1) whether there are material fact issues; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by a good faith mistake or excusable neglect; (5) harshness; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

1. *Are issues of material fact present?*

Because Defendants have failed to answer the complaint, they admit Plaintiff's well-pleaded allegations of fact—apart from any relating to the amount of damages—and "[are] barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206; *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992). Here, the facts asserted in the complaint are well-pleaded, as Plaintiff's factual allegations show a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007); *United States v. Giles,* 538 F.Supp.2d 990, 993 (W.D. Tex 2008). Likewise, due to Defendants' failure to answer, the entry of default by the clerk was appropriate. For these reasons, default judgment may be lawfully entered. *See Thomas v. Wooster,* 114 U.S. 104, 113 (1885) (default judgment may be lawfully entered "according to what is proper to be decreed upon the statements of the bill, assumed to be true").

2. *Is there substantial prejudice or harshness in default judgment?*

Defendants have not answered the complaint or otherwise defended the matter, nor is there any indication that they intend to appear or otherwise respond. The default judgment motion has been on file for more than two months with no response. Defendants received ample notice of the suit and that there is a pending default judgment. In their motion, Plaintiff avers that a copy of the motion was sent to each of the named defendants at their last known address via certified mail and first-class mail. (Doc. #9, at 7.) Taking the well-pleaded facts of the original complaint as true, Plaintiff has asserted a valid cause of action for declaratory judgment for the relief requested in the Verified Complaint. Plaintiff properly requested entry of judgment in its favor regarding the interest in the property and foreclosure. Based on this procedural history and the efforts expended to date by the Plaintiff in pursuing its rights under the Note and Security Instrument, it will be substantially prejudiced if default judgment is denied.

Furthermore, Defendants have wholly failed to respond to the claims asserted in this matter. They have not filed an answer asserting any interest in the property or disputing Plaintiff's claims. This silence and noncompliance establish that any prejudice to Defendants or harshness through entry of default is outweighed by the prejudice to Plaintiff if the Court fails to enter judgment in its favor.

3. *Are the grounds for default clearly established?*

As stated above, the record indicates that Plaintiff successfully perfected service of process on the named defendants. They wholly failed to answer or otherwise respond to the complaint. The clerk entered default, and Plaintiff subsequently filed the motion for default judgment. The procedural requirements of Rule 55 are satisfied, and the court may consider default judgment.

4. *Is default due to excusable neglect or good faith mistake?*

Again, Defendants were properly served notice of the original complaint and they have entirely failed to respond. There is no dispute that they also received notice of the motion for default judgment and have not answered the entry of default. Under these circumstances, there is no indication of a good faith mistake or excusable neglect on Defendants' part. Moreover, a finding of willful failure to answer a complaint is sufficient reason for granting a motion of default judgment. *See CJC Holdings v. Wright & Lato*, 979 F.2d 60, 64 (5th Cir. 1992), *rev'd on other grounds*, 989 F.2d 791 (5th Cir. 1993); *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, at *9 (E.D. Tex. Nov. 26, 2013).

B. <u>Relief Requested</u>

As set forth above, the motion for default judgment requests entry of judgment in Plaintiff's favor against the two defendants for (1) court costs; (2) reasonable attorney's fees as a further

obligation owed under the Note and Security Instrument; (3) judgment declaring that Plaintiff is the owner and holder of Note, beneficiary of Security Instrument and mortgagee as defined under Texas Property Code section 51.001; (4) judgment declaring that the following are secured by the Security Instrument on the Property (a) outstanding balance of the Note, (b) prejudgment interest, (c) post judgment interest from the date of judgment until paid and costs of court, and (5) judgment against Defendants declaring that Plaintiff may foreclose on Defendants interest on the Property pursuant to the deed of trust and Texas Property Code. (Doc. #9 at 6.)

The undersigned finds that the following relief is supported by the claims in the Original Complaint: (1) a judgment declaring Plaintiff is the owner and holder of Note, beneficiary of Security Instrument and mortgagee as defined under Texas Property Code section 51.001; (2) a judgment declaring that Plaintiff's statutory probate lien against the Property can be enforced by a non-judicial foreclosure at a public auction and that through the foreclosure the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right title and interest to the Property; (3) a writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction; (4) court costs when properly submitted, and (5) attorney's fees when properly submitted, not as a personal judgment but as an additional debt secured by the Security Instrument. (Doc. #1.)

With regard, however, to Plaintiff's request in its motion for a judgment declaring that the following are secured by the Security Instrument on the Property: (a) outstanding balance of the Note, (b) prejudgment interest, (c) post judgment interest from the date of judgment until paid, the undersigned cannot locate any request for such relief either directly or through a request for a declaratory judgment in the Original Complaint. Plaintiff is not entitled to relief on default for more than it asked for in its complaint. FED. R. CIV. P. 54(c).

Finally, as to attorney's fees, Plaintiff is entitled to reasonable and necessary attorney's fees. A prevailing party in a civil action may recover attorney's fees from an individual or a corporation in a claim for a written contract. TEX. CIV. PRAC. & REM. CODE § 38.001(8); *see also* FED. R. CIV. P. 54(d)(2). While section 38.001(8) uses the term "may," "the Texas Supreme Court has declared that attorneys' fees under section 38.001 are not discretionary." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 n.3 (5th Cir. 2000) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)). This remains true even in the default judgment context. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) (upholding an award of attorney's fees granted as part of a default judgment). Before the court can enter judgment containing an award of attorney's fees, however, the Plaintiff must present evidence of reasonable attorney's fees. Plaintiff should either request a hearing on attorney's fees or submit a proper motion within 14 days of any order ruling on this Report and Recommendation. Should Plaintiff fail to submit such evidence, the undersigned recommends that final judgment be awarded without an award of attorneys' fees.

### IV.   Recommendation

For the reasons stated herein, the undersigned recommends that the district court **GRANT, in part** Plaintiff's Motion for Default Judgment (doc. #9) as consistent with this Report and Recommendation. The undersigned further recommends that the court enter judgment in favor of the Plaintiff and assess a default judgment against the defendants, Sean Andre Simon and Tonya Joressa Simon, as set forth in this Report and Recommendation but only after Plaintiff has provided, and the court has determined the amount of reasonable and necessary attorney's fees. Plaintiff should request a hearing or submit a motion for attorneys' fees within 14 days of any order ruling on this Report and Recommendation. Should Plaintiff fail to submit such

evidence, the undersigned recommends that final judgment be awarded without an award of attorneys' fees.

### V.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 17th day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE