IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE7 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE7<br><br>*Plaintiff*,<br><br>v.<br><br>SEAN ANDRE SIMON, TONYA JORESSA SIMON,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 1:23-CV-127<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION ON
MOTION FOR ATTORNEY'S FEES (Doc. #13)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred Plaintiff's Motion for Attorneys' Fees (doc. #13) to the undersigned magistrate judge for consideration and disposition. After review, the undersigned recommends granting the motion in part, and denying the motion in part.

**I.   Background**

On December 4, 2023, the district court entered an Order Adopting the Report and Recommendation of the undersigned recommending default judgment in favor of Plaintiff. (Doc. # 12.) In the order adopting, the district court advised Plaintiff to file the appropriate motion or request a hearing if requesting attorney's fees as part of the final judgment. Plaintiff filed the instant motion for attorney's fees requesting attorney's fees in the amount of $9,188.00, not as a personal judgment

against Defendant but as an additional debt secured by the Note and Security Instrument. Plaintiff's request for reasonable and necessary attorney's fees must be reviewed by the court.

## II.     Legal Standard

A prevailing party in a civil action may recover attorney's fees from an individual or a corporation in a claim for a written contract. TEX. CIV. PRAC. & REM. CODE § 38.001(8); *see also* FED. R. CIV. P. 54(d)(2). While section 38.001(8) uses the term "may," "the Texas Supreme Court has declared that attorneys' fees under section 38.001 are not discretionary." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 n.3 (5th Cir. 2000) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)). This remains true even in the default judgment context. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) (upholding an award of attorney's fees granted as part of a default judgment).

The Fifth Circuit has described the basic procedure and standard for determining attorney's fees as a two-step process. First, the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *see also Smith v. Acevedo*, 478 F. App'x 116, 124 (5th Cir. 2012) (quoting *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379-80 (5th Cir. 2020)). The *Johnson* factors are: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or

circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

    1. *Lodestar*

The plaintiff's attorney, Sarah Cox, of Mackie, Wolf, Zientz & Mann, P.C., is requesting $9,188.00. Counsel's billing records do not total the number of hours work, but, according to the billing records, the work includes hours expended by counsel and a paralegal for pre-suit research, drafting of pleadings and motions, legal research, and correspondence. Counsel billed her hourly rate at $300.00, and the paralegal billed at $95.00 per hour.

With respect to the hourly rates requested, the court finds that $300 is reasonable and reflective of the rates in the community for similar work. Based on this court's experience, $300 per hour is consistent with typical rates for this level and quality of work in the Eastern District of Texas.

Although counsel's records do not total the number of hours worked by each biller, the undersigned engaged in this tedious task to properly calculate the lodestar. Counsel's billing entries total 26.7 hours, and the paralegal's billing entries total 12.4 hours. Accordingly, the "lodestar" is determined by multiplying the number of hours reasonably expended by counsel on the litigation (26.7) times a reasonably hourly rate ($300.00) and the number of hours expended by the paralegal (12.4) times the hourly rate ($95) resulting in a lodestar amount of $9,188.00.[1]

    2. *Johnson Factors*

Before a final award of attorney's fees may be assessed, the court must evaluate the lodestar under, and in conjunction with, the twelve *Johnson* factors. In applying the *Johnson* factors, the

---

[1] 26.7 x $300 = $8,010.00; 12.4 x $95 = $1,178.00. $8,010.00 + $1178.00 = $9,188.00.

court need not consider a factor already included in the calculation of the "lodestar." *See Graves v. Barnes*, 700 F.2d 220, 224 (5th Cir. 1983). The court now applies each of the *Johnson* factors to the lodestar.

As to time and labor required, "the trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson*, 488 F.2d at 717. As addressed *supra*, counsel submitted detailed time records containing the date, activity, and number of hours she spent on each "billed" event. Additionally, counsel was assisted on this case by a paralegal.

In reviewing the motion and the billing records, the undersigned finds that counsel and the paralegal, for the most part, have exercised reasonable judgment in billing their time. However, the undersigned finds some of the time submitted is clerical in nature, or duplicative and therefore not recoverable. *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). These include tasks such as calendaring and arranging for service of process, drafting the civil cover sheet, obtaining documents or gathering exhibits. Such items are clerical or administrative tasks that are not recoverable. The undersigned recommends adjusting the lodestar downward by 12% to account for unrecoverable amounts.

The undersigned has considered all the other *Johnson* factors and finds that the application of each does not require either an upward or downward departure from the lodestar. Applying the 12% downward adjustment for clerical work, the undersigned recommends awarding $8,085.44 in attorney's fees not as a personal judgment against the Defendant but as an additional debt secured by the Note and Secured Instrument.

### III.   Recommendation

For the reasons stated herein, the undersigned recommends that the district court **GRANT in part and DENY in part** Plaintiff's Motion for Attorney's Fees (doc. #13) by awarding **$8,085.44** in attorney's fees, not as a personal judgment against the Defendant but as an additional debt secured by the Note and Secured Instrument.

### IV.   Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 28th day of December, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE